# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**v.**     **CRIMINAL ACTION NO. 3:08CR-142-M**

**WILLIAM L. TOLBERT, JR.**     **DEFENDANT**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant William L. Tolbert, Jr.'s, *pro se* "Motion for Nunc Pro Tunc Order of Denial" (DN 74). For the reasons that follow, the motion will be denied.

### I.

Procedurally, Defendant pleaded guilty to Count 1 of the Indictment (robbery under 18 U.S.C. § 1951(a)) and Count 3 (possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(e)(1)). The Judgment and Commitment Order was entered on February 10, 2011, and the Court sentenced Defendant to 180 months imprisonment as to each Count to be served concurrently with each other for a total term of 180 months of imprisonment to run consecutively to the sentence of imprisonment currently being served by Defendant in Jefferson Circuit Court, Case Number 92CR2125 (DN 56). On March 29, 2011,[1] Defendant filed a motion requesting that his federal and state sentences run concurrently and seeking credit for the period of imprisonment already served in state custody (DN 58), and on June 9, 2011, Defendant filed a

---

[1] Under the prisoner mailbox rule, Defendant's motion was deemed filed on the date he delivered it to the prison authorities for forwarding to the Clerk of Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

motion to appoint counsel (DN 65). By Order entered June 21, 2011, the Court denied Defendant's motions for concurrent sentencing, time credit and appointment of counsel (DN 69). On June 30, 2011, the copy of the Order sent to Defendant was returned to the Court by the United States Postal Service marked "Return to Sender, Refused, Unable to Forward" (DN 71). On July 17, 2011, Defendant filed a Notice of Change of Address (DN 72), and on August 23, 2011, he filed a letter requesting the status of his motion for concurrent sentencing, time credit, and appointment of counsel (DN 73). On August 29, 2011, the Clerk of Court mailed Defendant a copy of the Court's June 21, 2011, denial of his pending motions. Applying the prisoner mailbox rule, on September 1, 2011, Defendant filed the instant motion for entry of a nunc pro tunc order of denial (DN 74).

## II.

Defendant asks the Court to issue a nunc pro tunc order "which duplicates and in effect replaces this Court's June 2[1], 2011[2] Order Denying movant's Motion for Concurrent Sentencing and Time Credit, and his Motion for Appointment of Counsel." He seeks reentry of the June 21, 2011, Order so that he may file a timely notice of appeal from that Order.

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). "[U]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to

---

[2] Defendant references the Court's June 20, 2011, Order. That was the date of signing, however, and not the date of entry of the Order, which was June 21, 2011.

file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

The time period for filing a criminal appeal runs from the date of "entry" of either the judgment or order being appealed, Fed. R. App. P. 4(b), not from the date of notice, and "the clerk's failure to give notice does not affect the time to appeal, or relieve--or authorize the court to relieve--a party's failure to appeal within the allowed time." Fed. R. Crim. P. 49(c).

In the instant case, Defendant neither filed a notice of appeal nor any document which could be construed as a notice of appeal within either the 14-day appeal period (which expired on July 5, 2011) or within the 30-day extension period (which expired on August 4, 2011). The only document Defendant filed which could be construed as an intent to appeal is the present motion for entry of a nunc pro tunc order, filed on September 1, 2011. Because Defendant did not file a notice of appeal within the 44-day period mandated by the Federal Rules of Appellate Procedure, Defendant's appeal is untimely, and the Court need not determine whether excusable neglect or good cause exists. *See, e.g., United States v. Conley*, No. 1-03-cr-73-06, 2009 WL 212543, at *3 (E.D. Tenn. Jan. 29, 2009) ("[I]t is immaterial whether Conley failed to receive by mail from the Clerk of the District Court a copy of the [court's] memorandum and order. Conley's alleged lack of notice of the entry . . . cannot enlarge or alter the strict time limits on this Court's jurisdiction and authority under Fed. R. App. P. 4(b)(4) to allow an extension of time to file a notice of appeal."). Were this Court to reenter its July 21, 2011, order to allow Defendant to file a timely appeal, Fed. R. App. P. 4(b) would all but be eviscerated.

For these reasons, **IT IS ORDERED** that the motion for entry of a nunc pro tunc order (DN 74) is **DENIED**.

Date:


cc: Defendant, *pro se*
 Counsel of Record
4414.005